UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JESSIE WATKINS

    Plaintiff,

v.

JACOB ROTH
and MATTHEW CLARK,

    Defendants.

Case No. 2:25-cv-01076

---

# COMPLAINT

NOW COMES Plaintiff Jessie Watkins, by his attorneys, THE SULTON LAW FIRM LLC, by Attorney William F. Sulton, and files this complaint against Defendants Jacob Roth and Matthew Clark, City of Waukesha police officers.

## I. Introduction

1. On April 17, 2025, the defendant police officers violated Plaintiff Jessie Watkins' constitutional right of freedom from unreasonable searches and seizures because Watkins is a black man.

## II. The Parties

### A. The Plaintiff

2. Plaintiff Jessie Watkins ("Watkins"), a black man, is an adult residing in the Eastern District of Wisconsin.

3. Watkins is a barber.

**B. The Defendants**

4. At all times relevant to this complaint, Defendant Jacob Roth ("Officer Roth"), a white man, was a police officer for the City of Waukesha, Wisconsin.

5. At all times relevant to this complaint, Officer Roth was acting under color of law and within the scope of his employment as a police officer for the City of Waukesha.

6. At all times relevant to this complaint, Defendant Matthew Clark ("Officer Clark"), a white man, was a police officer for the City of Waukesha, Wisconsin.

7. At all times relevant to this complaint, Officer Clark was acting under color of law and within the scope of his employment as a police officer for the City of Waukesha.

### III. Jurisdiction and Venue

8. The Eastern District of Wisconsin has jurisdiction under 28 U.S.C. § 1331 and §§ 1343(a)(1), (3), and (4), as this complaint alleges violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

9. Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. § 1391(b)(2), as the events giving rise to this complaint occurred in the Eastern District of Wisconsin.

## IV.  The Facts

10. On April 17, 2025, Watkins was driving a car in the City of Waukesha.

11. Watkins decided to pull over to the side of road review and send text messages.

12. Officers Clark and Roth were on patrol, saw Watkins, and decided to start a traffic stop.

13. At the time that Officers Clark and Roth decided to start a traffic stop, Watkins had done nothing wrong.

14. Despite knowing that Watkins had done nothing wrong, Officers Clark and Roth decided to order Watkins out of the car and physically escort him to the front of the officers' squad car.

15. After ordering Watkins out of the car, Officer Roth asked Watkins whether Officer Roth could "search" Watkins' person.  Watkins repeatedly told Officer Roth no.

16. After Watkins told Officer Roth that Officer Roth could not search his person, Officer Roth unlawfully handcuffed Watkins and searched Watkins' person.

17. At the time that Officer Roth decided to search Watkins' person, Officers Roth and Clark knew that they could not frisk Watkins because they lacked reasonable suspicion that Watkins was armed or dangerous.

18. At the time that Officer Roth decided to search Watkins' person, Officers Roth and Clark knew that they could not search Watkins' person because they lacked probable cause that Watkins had committed any crime.

19. After unlawfully searching Watkins' person, Officer Roth asked Watkins whether Officer Roth could search Watkins' car. Watkins repeatedly told Officer Roth no.

20. After Watkins told Officer Roth that Officer Roth could not search his car, Officer Roth unlawfully searched Watkins' car.

21. At the time that Officer Roth decided to search Watkins' car, Officers Roth and Clark knew that they could not search Watkins' car because they lacked probable cause that Watkins had committed any crime.

## V. The Claims

22. Watkins incorporates here all other paragraphs in this complaint.

23. Officer Roth acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully frisking and search Watkins' person.

24. Officer Roth acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully searching Watkins' car.

25. Officer Clark acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully failing to intervene and prevent Officer Roth's unlawful frisking and searching of Watkins' person.

26. Officer Clark acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment by unlawfully failing to intervene and prevent Officer Roth's unlawful searching of Watkins' car.

27. Officers Roth and Clark unlawfully extended the illegal traffic stop such that it was an unlawful arrest with probable cause contrary to 42 U.S.C. § 1983 and the Fourth Amendment.

28. Officers Roth and Clark deprived Watkins of equal protection of the laws because Watkins is black contrary to 42 U.S.C. § 1983 and Equal Protection Clause of the Fourteenth Amendment.

29. As a direct result of the defendants' misconduct, Watkins suffered physical discomfort and emotional injuries.

## VI. Relief Requested

30. Watkins respectfully requests that this court enter judgment for him and against each defendant and award the following relief:

   a. An order awarding damages for physical discomfort;

   b. An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in an amount to be determined by a jury;

   c. An order awarding punitive damages in an amount to be determined by a jury;

   d. An order awarding taxable costs and disbursements;

   e. An order awarding attorney fees and expert fees; and

f. An order awarding such other and further relief as deemed necessary and appropriate by the court.

## VII.  Jury Demand

31. Watkins hereby demands a trial by jury on all facts and damages stated herein.

Date: July 24, 2025.                    Respectfully submitted,

*/s/ William F. Sulton*
WILLIAM F. SULTON

THE SULTON LAW FIRM LLC
2745 N. Dr. Martin Luther King Jr. Drive
Suite 202
Milwaukee, WI 53212
414-307-4693 (direct)
414-973-8844 (fax)
william@sultonlaw.com

*Counsel for Plaintiff*